In this appeal from a judgment entered upon a directed verdict sustaining the last will and testament of August Balk, Sr., deceased, contestants, his heirs at law, seek reversal and a new trial.
The testator died November 13, 1937, at the age of 76. The will was executed January 14, 1936. All of the Balk children were then married and living in homes of their own. Following the death of his wife on October 11, 1932, Balk lived on the farm with proponent, George Presley, an unrelated orphan who became a member of the Balk family many years before, when he was 15 or 16 years old. Balk indulged in the use of intoxicating liquor after the *Page 705 
death of his wife to such an extent that one of his daughters, on February 6, 1935, had a guardian appointed of his person and of his estate, which was then estimated to be of the value of $10,000. The will was drawn by an attorney while proceedings were pending for the removal of the guardian and after the scrivener had insisted upon medical opinion as to testator's mental condition and competency. Testator devised and bequeathed all of his property to Presley excepting $1 to each of his four children.
Appellants say the trial court erred in limiting testimony as to testator's mental capacity, insane delusions, the undue influence and fraud practiced upon the deceased six months prior and six months subsequent to the date of execution of the will. It is also argued that the court wrongfully excluded testimony as to injunction proceedings brought by testator's guardian against Presley and the latter's statement, in the presence of the testator, that the will had been destroyed. In giving the reasons for granting proponent's motion to direct a verdict, the court considered the testimony of Doctors Ballard and Dumond, who examined the testator before the execution of the will. These two physicians were rebuttal witnesses, called out of order for their convenience before certain motions were made by proponent. It was understood at the time, according to the trial judge, "that in consideration of these motions by the court, the rebuttal testimony will not be taken into consideration." Appellants say that it was error for the court to consider this testimony in directing a verdict for proponent after an understanding to the contrary between court and counsel. Some question is also raised as to the manner and form of the execution of the will. *Page 706 
The errors claimed on appeal were called to the circuit judge's attention in a motion for a new trial, which was denied.
After several objections to testimony on the ground of remoteness had been sustained and as a witness for contestants began to testify to occurrences in 1933, the court said: "Stricken out as to 1933 and 1934 and early in 1935, too remote." Contestants' counsel said: "Then I am permitted to go on then only within what time in 1935?" The court replied: "The early part of 1935. If you insist on a ruling, the court will say six months each way, from January, 1935. [Sic the will was executed on January 14, 1936.] The counsel understand there is no hard and fast ruling. You asked for a ruling and we will try and shorten the proceedings by making one."
We are not advised by appellee of any authority for such limitation on inquiry into facts in support of contestants' objections to the will. The timeliness of evidence as to undue influence and mental capacity may not be alike, but in either event the remoteness of time only bears on the weight of the evidence and not on the admissibility. Estate of Lefevre,102 Mich. 568. The limitation upon the testimony was arbitrary and erroneous.
The consideration of the rebuttal testimony after an understanding to the contrary will not likely occur again on a new trial. It is therefore unnecessary to pass upon this claimed error.
The exclusion of testimony as to injunction proceedings brought against Presley nine months after the execution of the will as based upon remoteness was likewise improper. The proposed testimony as to claimed destruction of the will was properly excluded as to the question of fraud after the execution *Page 707 
of the will — this question admittedly not having been raised by the pleadings.
The manner and form of execution of the will satisfies the statute, 3 Comp. Laws 1929, § 13482 (Stat. Ann. § 26.1065) and the authorities applicable thereto, leaving no question of fact in this respect to be submitted to a jury despite contestants' unsuccessful attempt to impeach the testimony of a witness to the will.
Because of the errors discussed, the judgment entered upon the directed verdict is vacated and the cause is remanded for a new trial. Costs to appellants.
BUTZEL, C.J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.